# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Rebecca Francis,              )
                              )
        Plaintiff,             ) Case No. 1:07-CV-373
                              )
    vs.                        )
                              )
JoAnne B. Barnhart,           )
Commissioner of Social        )
Security,                     )
                              )
        Defendant.             )

## O R D E R

This matter is before the Court on Magistrate Judge Hogan's Report and Recommendation of September 30, 2008 (Doc. No. 12) and Plaintiff Rebecca Francis's objections to the Report and Recommendation (Doc. No. 13). In his Report and Recommendation, Magistrate Judge Hogan concluded that the Administrative Law Judge's ("ALJ") determination that Plaintiff is no longer disabled, and therefore, subject to termination of her disability insurance benefits, was supported by substantial evidence. Therefore, Magistrate Judge Hogan recommended that the ALJ's decision be affirmed and the case dismissed. In her objections, Plaintiff argues that both the ALJ and the Magistrate Judge erred in determining that she is able to perform her past relevant work. In that respect, Plaintiff notes that her past relevant work was semi-skilled to skilled but that the ALJ concluded that

she only has the residual functional capacity ("RFC") to perform unskilled work.  Plaintiff also argues that the ALJ and the Magistrate Judge erred in assessing her physical RFC in determining that she can perform work at the medium level of exertion.  Finally, Plaintiff argues that the Magistrate Judge erred in concluding that there are number of jobs in the national economy that she can perform given her RFC when the ALJ never reached that step of the analysis in her opinion.

For the following reasons, Plaintiff's objections to the Report and Recommendation are **SUSTAINED IN PART AND OVERRULED IN PART**.  To the extent that Plaintiff objects to the finding that she can perform work at the semi-skilled or skilled level, her objections are well-taken and **SUSTAINED**.  To the extent that Plaintiff objects to the Magistrate Judge's findings that she can perform a number of jobs in the national economy given her RFC, her objections are well-taken and **SUSTAINED.**  To that extent, the Court does not adopt the Report and Recommendation.  To the extent Plaintiff objects to the Magistrate Judge's conclusion that she can perform work at the medium level of exertion, her objections are not well-taken and are **OVERRULED**.  To that extent, the Court **ADOPTS** the Report and Recommendation.

To the extent the ALJ found that Plaintiff is capable of performing her past relevant work, the decision is **REVERSED**, and this matter is **REMANDED** to the ALJ pursuant to sentence four

of 42 U.S.C. § 405(g) for further proceedings consistent with this order. ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.").

I. Background

A detailed review of the medical evidence in this case is not required.

The Social Security Administration originally determined that Plaintiff Rebecca Francis was disabled as of April 23, 1996, apparently because of depression, anxiety, pain disorder, left arm pain, neck pain, and tic disorder. The Social Security Administration re-evaluated her disability status and determined that she was no longer disabled as of January 1, 2001. Plaintiff's request for reconsideration was denied and she requested and received an evidentiary hearing before an ALJ.

The proceedings before the ALJ determined that Plaintiff's past relevant work was as a receptionist, filing clerk, and billing clerk. Vocational expert Robert Breson testified that her work as a receptionist was a semi-skilled position at the sedentary level of exertion. He further testified that her work as a file clerk was a semi-skilled job at the light level of exertion. Finally, Mr. Breson testified that

3

Plaintiff's work as an accounts payable clerk was a skilled job at the sedentary level of exertion. TR 893-95. While Plaintiff was on disability status, she earned a bachelor of science degree in a college paralegal program, sometimes taking an overload of courses during the semester.

Plaintiff does not have a treating physician. See Doc. No. 13, at 4. On July 17, 2003, Dr. Richard T. Sheridan performed a consultative physical examination of Plaintiff. Tr. 590-604. Although Dr. Sheridan found a reduced range of cervical motion and some moderate swelling and popping in her left knee, it appears that Plaintiff's physical examination was unremarkable. Dr. Sheridan, however, found that Plaintiff is only capable of performing sedentary work. Tr. 596. In her decision, the ALJ rejected this conclusion on the grounds that it was not supported by clinical findings. Tr. 26, 31. Two non-examining reviewing physicians, however, concluded that Plaintiff has the physical RFC to perform work at the medium level of exertion. Tr. 787-803. The ALJ accepted these opinions as being consistent with the overall evidence. Tr. 31.

Regarding Plaintiff's mental RFC, the ALJ expressed disbelief at Plaintiff's contention that her mental impairments, and more particularly her alleged inability to concentrate, precluded her from work when she was able to successfully complete her paralegal program. Tr. 32, 33. The ALJ concluded

4

that "the claimant is capable <u>at the very least</u> of meeting the mental demands of unskilled work." Tr. 32 (emphasis in original). Unskilled work, the ALJ noted, requires the abilities, <u>inter alia</u>, to understand, remember, and carry out simple instructions.

Thus, in developing Plaintiff's RFC, the ALJ concluded that she can perform medium work with occasional climbing, crouching or crawling. Tr. 34. The ALJ also found that Plaintiff has the mental RFC to understand, remember, and carry out simple instructions, and to respond appropriately to supervision, co-workers, unusual work situations, and changes in a routine work setting. <u>Id.</u> Then, at the seventh step of the eight-step procedure to determine whether the claimant's disability continues, 20 C.F.R. § 404.1594, the ALJ concluded that Plaintiff can perform her past relevant work as a receptionist and file or billing clerk. <u>Id.</u> Therefore, the ALJ determined that Plaintiff was no longer disabled as of January 1, 2001. Although the vocational expert testified that there are jobs in the national economy that Plaintiff can perform given her RFC, the ALJ did not make any findings at the eighth step of the continuing disability determination.

The Appeals Council denied Plaintiff's request for review, making the decision of the ALJ the final decision of the Commissioner. On May 11, 2007, Plaintiff filed a complaint for

5

review of the ALJ's decision pursuant to 42 U.S.C. § 405(g). Plaintiff raised three issues in her statement of errors. First, she claimed that the ALJ erred in concluding she can perform her past relevant work because the ALJ determined that she can only understand, remember, and carry out simple instructions. Plaintiff's second and third assignments of error are related in that she claimed that she is more significantly limited by her mental and physical impairments than found by the ALJ. In other words, Plaintiff apparently contends that the ALJ's determination of both her physical and mental RFC was not supported by substantial evidence.

Magistrate Judge Hogan issued a Report and Recommendation on Plaintiff's assignments of error on September 30, 2008. Doc. No. 12. In summary, Magistrate Judge Hogan found that the ALJ applied the correct legal standards in accepting or rejecting various medical opinions in the course of developing Plaintiff's RFC and that substantial evidence supported these decisions. Finally, Judge Hogan concluded that, assuming that the ALJ erred in concluding that Plaintiff can perform her past relevant work, this error was harmless because the vocational expert testified that she has the capacity to perform a number of jobs in the national economy.

Plaintiff then filed timely objections to the Report and Recommendation. The Court summarizes these objections below.

6

## II. Standard of Review

The relevant statute provides the standard of review to be applied by this Court in reviewing decisions by the ALJ. See 42 U.S.C. § 405(g). The Court is to determine only whether the record as a whole contains substantial evidence to support the ALJ's decision. "Substantial evidence means more than a mere scintilla of evidence, such as evidence as a reasonable mind might accept as adequate to support a conclusion." LeMaster v. Secretary of Health & Human Serv., 802 F.2d 839, 840 (6th Cir. 1986) (internal citation omitted). The evidence must do more than create a suspicion of the existence of the fact to be established. Id. Rather, the evidence must be enough to withstand, if it were a trial to a jury, a motion for a directed verdict when the conclusion sought to be drawn from it is one of fact for the jury. Id. If the ALJ's decision is supported by substantial evidence, the Court must affirm that decision even if it would have arrived at a different conclusion based on the same evidence. Elkins v. Secretary of Health & Human Serv., 658 F.2d 437, 439 (6th Cir. 1981). The district court reviews de novo a magistrate judge's report and recommendation regarding social security benefits claims. Ivy v. Secretary of Health & Human Serv., 976 F.2d 288, 289-90 (6th Cir. 1992).

## III. Analysis

Plaintiff first objects to both the ALJ's and Magistrate Judge Hogan's conclusion that she can perform her past relevant work. As Plaintiff accurately observes, her past relevant work was performed at the semi-skilled to skilled level. In contrast, the ALJ found that Plaintiff has the RFC to understand, remember, and carry out simple instructions, which comports with the unskilled level of work. See SSR 85-15.

Admittedly, the ALJ's decision is confusing and contradictory on this point. The ALJ clearly disbelieved that Plaintiff's mental impairments create any significant obstacle to her ability to work. This conclusion was based largely on the fact that Plaintiff was able to complete an advanced paralegal degree while on disability status. Indeed, the Social Security regulations create a presumption that a person with a high school education or higher can perform semi-skilled through skilled work. See 20 C.F.R. § 220.129(b)(4) ("The claimant with this level of education [high school education and above] is generally considered able to do semi-skilled through skilled work."). The ALJ also apparently believed that unskilled work was the <u>minimum</u> level of work that Plaintiff can perform and not the maximum level of work she can perform. See supra, at 4 ("[T]he claimant is capable <u>at the very least</u> of meeting the mental demands of unskilled work."). Therefore, it is perplexing that the ALJ specifically concluded that Plaintiff only has the RFC to perform

8

unskilled work.  Given Plaintiff's recent completion of her paralegal program, arguably it is <u>this</u> conclusion of the ALJ that is not supported by substantial evidence.

Nevertheless, the ALJ made a specific finding which established that Plaintiff only has the RFC to perform unskilled work.  Therefore, it was error for the ALJ to conclude that Plaintiff can perform her past relevant work which, as stated, was semi-skilled or skilled.  See, e.g., Vinson v. Astrue, No. 1:07-CV-213, 2008 WL 4442504, at *3-*4 (E.D. Tenn. Sept. 24, 2008) (concluding that ALJ's decision that claimant could perform her past work, which was performed at the light level, was not supported by substantial evidence where his RFC determined that she can only perform a limited range of light work).  This conclusion by the Court also appears to resolve Plaintiff's objections and assignments of error concerning her mental RFC.  Accordingly, to that extent, Plaintiff's objections are well-taken and **SUSTAINED.**

Plaintiff also objects that both the ALJ and the Magistrate Judge made procedural errors in evaluating the medical source opinions in formulating her physical RFC.  Although she admits there is no treating physician, Plaintiff argues that the ALJ erred in failing to discuss the factors outlined in 20 C.F.R. § 404.1527(d)(2), such as examining relationship, supportability, consistency, etc., in rejecting Dr. Sheridan's opinion.  The

Sixth Circuit, however, has made clear that the requirements of § 404.1527(d)(2) apply only to treating physicians. See Smith v. Commissioner of Social Sec., 482 F.3d 873, 875-76 (6th Cir. 2007).  In other words, in evaluating the opinions of non-treating sources, the ALJ was not required to assess the factors provided in § 404.1527(d)(2).  In any event, the ALJ's decision to reject Dr. Sheridan's opinion was completely supported by the record.  As the ALJ correctly observed, Dr. Sheridan's opinion that Plaintiff is limited to sedentary work is contradicted by the near complete absence of clinical findings supporting that conclusion.  Therefore, the ALJ's decision to reject Dr. Sheridan's opinion was supported by substantial evidence.  Accordingly, to that extent, Plaintiff's objections to the Report and Recommendation are not well-taken and are **OVERRULED.**

Magistrate Judge Hogan determined that any errors made by the ALJ were harmless since the vocational expert testified that there are a number of jobs that Plaintiff can perform given her RFC.  Plaintiff, however, correctly argues that the ALJ never made any specific findings in that regard.  The Court notes that "the ultimate decision of disability rests with the administrative law judge." Walker v. Secretary of Health and Human Serv., 980 F.2d 1066, 1070 (6th Cir. 1992).  Therefore, although the Court tends to agree with Judge Hogan's implicit conclusion that remanding the case to the ALJ to complete the

eighth step of the continuing disability analysis is a needless formality, because the ultimate disabiility decision rests with the ALJ, and she did not reach this issue, the proper procedure is to remand the case for further proceedings.  Accordingly, to that extent, Plaintiff's objections to the Report and Recommendation are well-taken and are **SUSTAINED.**

## Conclusion

For the reasons stated, Plaintiff's objections to the Report and Recommendation are **SUSTAINED IN PART AND OVERRULED IN PART**.  To the extent that Plaintiff objects to the finding that she can perform work at the semi-skilled and skilled level, her objections are well-taken and **SUSTAINED**.  To the extent that Plaintiff objects to the Magistrate Judge's findings that she can perform a number of jobs in the national economy given her RFC, her objections are well-taken and **SUSTAINED.**  To that extent, the Court does not adopt the Report and Recommendation.  To the extent Plaintiff objects to the Magistrate Judge's conclusion that she can perform work at the medium level of exertion, her objections are not well-taken and are **OVERRULED**.  To that extent, the Court **ADOPTS** the Report and Recommendation.

To the extent the ALJ found that Plaintiff is capable of performing her past relevant work, the decision is **REVERSED**, and this matter is **REMANDED** to the ALJ pursuant to sentence four

of 42 U.S.C. § 405(g) for further proceedings consistent with this order.

        **IT IS SO ORDERED**

Date February 3, 2009                  s/Sandra S. Beckwith
                                                      Sandra S. Beckwith
                                   Senior United States District Judge