UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Rebecca Francis,
    Plaintiff

vs

Michael J. Astrue,
Commissioner of Social Security,
    Defendant

Case No. C-1:07cv373
(Beckwith, J.)
(Hogan, M.J.)

## REPORT AND RECOMMENDATION

    This matter is before the Court on Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act (EAJA) 28 U.S.C. § 2412(d) (Doc. 16), and Defendant's Response to Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act (EAJA) 28 U.S.C. § 2412(d) (Doc. 17). Plaintiff's attorney requests an award of attorney fees and costs in the amount of $2,828.64 as provided for under the Act. (Id.).

    On September 30, 2008, the Court issued a report and recommendation that the decision of the Commissioner of Social Security be affirmed. (Doc. 12). Following objections by Plaintiff, on February 2, 2009, the District Court overruled the report and recommendation in part, ordering that the decision of the Commissioner of Social Security be reversed and remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 14). Judgment was also entered on February 3, 2009. (Doc. 15). Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(B), an application for attorney fees and other expenses must be submitted within thirty (30) days of final judgment. Plaintiff's application for attorney fees was filed on May 4, 2009. (Doc. 16). Plaintiff's motion is, therefore, properly before the Court.

    The EAJA provides:

> A court shall award to a prevailing party other than the United States fees and
> other expenses, in addition to any costs awarded pursuant to subsection (a),
> incurred by that party in any civil action (other than cases sounding in tort),
> including proceedings for judicial review of agency action, brought by or against
> the United States in any court having jurisdiction of that action, unless the court

finds that the position of the United States was substantially justified or that
special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, eligibility for a fee award under EAJA requires: (1) that the claimant be the prevailing party; (2) that the government's position was not substantially justified; and (3) that no special circumstances make the award unjust.

## Prevailing Party

The Equal Access to Justice Act allows for an award of attorney fees if the party is the "prevailing party." 28 U.S.C. § 2412(d)(1)(B). A "party" is any individual whose net worth did not exceed $2,000,000 at the time the civil action was filed. 28 U.S.C. §2412(d)(2)(B)(I). It is undisputed that at the time this action was filed, Plaintiff's net worth was less than $2,000,000. Moreover, Plaintiff became the "prevailing party" when she obtained a remand pursuant to sentence four of 42 U.S.C. § 405(g). See Shalala v. Schaefer, 509 U.S. 292, 300-302 (1993)(social security claimant who obtains a sentence four judgment reversing denial of benefits and requiring further proceedings is "prevailing party" for purposes of EAJA).

## Substantial Justification

To be "substantially justified," the United States must show that it had a reasonable basis in law and in fact to undertake the challenged action. Pierce v. Underwood, 487 U.S. 552 (1988). Under the EAJA, substantial justification means the government's position was "justified in substance or in the main." Pierce, 487 U.S. at 565. In other words, the Court must determine whether the government's position was justified in law and in fact to a degree that would satisfy a reasonable person. Id. See also Perket v. Secretary of Health and Human Servs., 905 F.2d 129, 132 (6th Cir. 1990); Jankovich v. Bowen, 868 F.2d 867, 869 (6th Cir. 1989)(per curiam). It is the government's burden under EAJA to prove that its position was substantially justified. United States v. True, 250 F.3d 410, 419 n.7 (6th Cir. 2001), citing Crawford v. Sullivan, 935 F.2d 655, 658 (4th Cir. 1991); United States v. 5,507.38 Acres of Land, 832 F.2d 882, 883 (5th Cir. 1987). See also Howard v. Heckler, 581 F. Supp. 1231, 1233 (S.D. Ohio 1984). The "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D).

In the present case, while the District Court remanded the case for further determination as to whether there are a significant number of jobs in the national economy which Plaintiff can perform in light of her RFC, the Court cannot conclude that Defendant's position was unreasonable. The ALJ determined that Plaintiff was capable of performing unskilled work at the medium exertional level. The Court found that the ALJ properly discounted the opinion of Dr. Sheridan as it was contradicted by the absence of clinical findings. Thus, the Court found that the ALJ's conclusion that Plaintiff could perform work at the medium exertional level was supported by substantial evidence. The Court likewise found that, because the vocational expert identified a significant number of unskilled jobs in the national economy which Plaintiff could perform, the ALJ's error in finding that Plaintiff could perform her past relevant work as a

receptionist constituted harmless error. The District Court disagreed and found that such error was not harmless. The court found the ALJ's conclusion that Plaintiff could perform unskilled work to be inconsistent with the conclusion that Plaintiff could perform her past relevant work as a receptionist, which was semi-skilled or skilled. Despite the vocational expert's testimony, the court noted that the ALJ failed to make any specific findings with respect to the number of jobs Plaintiff could perform given her RFC. As such, the ALJ failed to reach the ultimate disability decision in this case. While the court noted that remanding the case to the ALJ to complete the eighth step of the continuing disability analysis was a needless formality, the court found that, because the ultimate disability decision rests with the ALJ, the proper procedure was to remand the case for further proceedings. Thus, we find that the record demonstrates that Defendant's position was reasonable, and therefore, substantially justified.

For the reasons set forth above, the Court recommends that the application for attorney fees under the EAJA be DENIED.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act (EAJA) 28 U.S.C. § 2412(d) (Doc. 16) be **DENIED**.

Date: 1/21/10

Timothy S. Hogan
United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING THE FILING OF
## OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), within fourteen (14) days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).