# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Rebecca Francis,  )
 )
    Plaintiff, ) Case No. 1:07-CV-373
 )
  vs. )
 )
JoAnne B. Barnhart, )
Commissioner of Social )
Security, )
 )
    Defendant. )

## O R D E R

This matter is before the Court on, Plaintiff Rebecca Francis's motion for attorney's fees (Doc. No. 16), Magistrate Judge Hogan's Report and Recommendation of January 22, 2010 (Doc. No. 18) and Plaintiff's objections to the Report and Recommendation (Doc. No. 19). In his Report and Recommendation, Magistrate Judge Hogan concluded that Plaintiff is not entitled to an award of attorney's fees pursuant to the Equal Access to Justice Act, even though this Court reversed the decision of the Administrative Law Judge ("ALJ") and remanded the case for further proceedings, because the decision terminating Plaintiff's disability insurance benefits was substantially justified. In her objections, Plaintiff argues that the Commissioner's decision was not substantially justified, and that, therefore, she is entitled to recover her attorney's fees. For the reasons that follow, Plaintiff's objections are not well-taken and are

**OVERRULED**. The Court **ADOPTS** the Report and Recommendation. Plaintiff's motion for attorney's fees is not well-taken and is **DENIED.**

On January 24, 2005, the ALJ issued a decision determining that Plaintiff is no longer disabled based on a finding that she is capable of performing her past relevant work as a receptionist and/or filing and billing clerk. In rendering this decision, the ALJ concluded that Plaintiff has the residual functional capacity ("RFC") to perform a limited range of medium work and that she can understand, carry out and remember simple instructions. Because she found that Plaintiff can perform her past relevant work, the ALJ did not proceed to the final step of the disability analysis to consider whether there are a significant number of jobs in the national economy that Plaintiff can perform.

Plaintiff filed a timely appeal challenging the ALJ's decision. Plaintiff contested the ALJ's determination of both her physical and mental RFC. Specifically, Plaintiff argued that the ALJ's determination that she can perform a limited range of medium work was not supported by substantial evidence. Plaintiff also contended that the ALJ's determination that she had the mental RFC to perform her past relevant work was not supported by substantial evidence. In that regard, Plaintiff argued that her past relevant work was performed at the semi-skilled to skilled

level whereas the ALJ concluded that her RFC limits her to performing unskilled work.

In considering her appeal, both Magistrate Judge Hogan and this Court agreed that the ALJ's determination of Plaintiff's physical RFC was supported by substantial evidence. Regarding her mental RFC, Magistrate Judge Hogan concluded that to the extent the ALJ erred in finding that Plaintiff has the mental RFC to perform her past relevant work, such error was harmless because the record established that there are a significant number of jobs in the national economy she can perform. In reviewing the Report and Recommendation, this Court noted that it tended to agree with Judge Hogan's analysis but concluded that the final disability determination rests with the ALJ. Therefore, the Court remanded the case to the ALJ pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

After the case was remanded, Plaintiff filed a motion for attorney's fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Plaintiff's motion seeks attorney's fees of $2,462.50 and expenses of $366.14. In his Report and Recommendation, Magistrate Judge Hogan concluded that Plaintiff is not entitled to fees and expenses because the decision terminating her benefits was substantially justified. Judge Hogan noted that the ALJ's decision concerning Plaintiff's physical RFC was supported by substantial evidence. Regarding

3

her mental RFC, Judge Hogan concluded that the ALJ's decision was substantially justified because this Court determined that the remand to complete the final step of the disability analysis was a needless formality.  Accordingly, Judge Hogan concluded that the Commissioner's decision terminating Plaintiff's benefits was substantially justified.

Plaintiff now objects to Magistrate Judge Hogan's Report and Recommendation.  Plaintiff argues that the ALJ's determination that she can perform her past relevant work was unreasonable and that the ALJ never made any findings whether there are a significant number of jobs she can perform in the national economy.  Although not phrased in this fashion, Plaintiff apparently contends the remand proceedings cannot be categorized as a needless formality.

The EAJA permits a litigant to recover attorney's fees from the United States if: (1) that the fee applicant was a prevailing party; (2) that the government's position was not substantially justified; (3) no special circumstances make an award unjust; and (4) the fee applicant files the requisite application within thirty days of final judgment.  Townsend v. Social Sec. Admin., 486 F.3d 127, 130 (6th Cir. 2007).  In determining whether the government's position was substantially justified, "the proper standard . . . is whether the Government's position was justified, both in fact and in law, to a degree that

could satisfy a reasonable person." Jankovich v. Bowen, 868 F.2d 867, 869 (6th Cir. 1989).

In this case, the Commissioner's position on Plaintiff's physical RFC was not only substantially justified, it was completely justified. The Commissioner's position on Plaintiff's mental RFC is less clear, but even if it was not substantially justified, the Court finds that awarding Plaintiff attorney's fees under these circumstances would be unjust. As the Court noted in the order remanding the case, the ALJ's opinion on Plaintiff's mental RFC was confusing. At one point the ALJ apparently indicated that unskilled work was the minimum she can perform. In other words, it appeared that the ALJ believed that Plaintiff can perform more than just unskilled work. Moreover, the ALJ expressly disbelieved Plaintiff's contention that she is completely unable to work because she successfully completed a paralegal program while on disability status. Additionally, this Court noted that under the Social Security regulations, Plaintiff's completion of the paralegal program presumptively demonstrates that she is capable of performing semi-skilled to skilled work. Thus, according to the Court, the only conclusion arguably not supported by the record was the ALJ's conclusion that Plaintiff is limited to performing unskilled work.

But for her anomalous finding that Plaintiff has the RFC to perform unskilled work, the ALJ's ultimate conclusion that Plaintiff can perform her past relevant work is accurate and supported by substantial evidence because the record demonstrates that she has the RFC to perform semi-skilled to skilled work. See, e.g. Tr. at 907-08 (testimony of vocational expert indicating that Plaintiff can perform semi-skilled and skilled jobs). The vocational expert's testimony certainly suggests that there are a significant number of jobs available in the national economy that Plaintiff can perform. If further proceedings before the ALJ are not a mere formality, Plaintiff's disability benefits are surely poised to be terminated at the final step. This case was remanded only because the ultimate disability determination is vested with the Commissioner. Under these circumstances, the Court concludes that Plaintiff is not entitled to recover her attorney's fees and costs.

Accordingly, the Plaintiff's objections to the Report and Recommendation are not well-taken and are **OVERRULED**. The Court **ADOPTS** the Report and Recommendation. Plaintiff's motion for attorney's fees is not well-taken and is **DENIED.**

    **IT IS SO ORDERED**

Date April 6, 2010      s/Sandra S. Beckwith
                                             Sandra S. Beckwith
                               Senior United States District Judge